# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THERESA REED

## DEFENDANTS
OLD VILLAGE MASTER PAINTERS LTD. AND EDWIN HUTTER STULB IV

**(b)** County of Residence of First Listed Plaintiff: **BUCKS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, ADA, PHRA
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 150,000 IN EXCESS
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/25/2025

SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1048 Gypsy Hill Road, Gwynedd Valley, Pennsylvania 19437

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| THERESA REED | : | CIVIL ACTION |
| v. | : | |
| OLD VILLAGE MASTER PAINTERS LTD. & EDWIN HUTTER STULB IV | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)


| 11/25/2025 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

 (a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

 (b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

 (c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

 (d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

 (e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

 Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA REED,<br>   *Plaintiff,*<br>  v.<br>OLD VILLAGE MASTER PAINTERS LTD. and EDWIN HUTTER STULB IV,<br>   *Defendants.* | CIVIL ACTION NO._____ |

**COMPLAINT AND JURY DEMAND**

**I. PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Theresa Reed ("Plaintiff"), a former employee of Defendant, Old Village Master Painters Ltd. ("Defendant Old Village), owned and operated by Defendant, Edwin Hutter Stulb IV ("Stulb"), who has been harmed by the Defendants' discriminatory and retaliatory employment practices.

2. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

**II. JURISDICTION AND VENUE:**

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on Title VII and the ADA.

1

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action. On August 28, 2025, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

## III.     PARTIES:

6. Plaintiff, Theresa Reed ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1245 Fieldstone Court, Quakertown, Pennsylvania 18951.

7. Defendant, Old Village Master Painters Ltd. ("Defendant Old Village"), is a business organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining an office therein at 1048 Gypsy Hill Road, Gwynedd Valley, Pennsylvania 19437.

8. Defendant, Edwin Hutter Stulb IV ("Stulb"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1048 Gypsy Hill Road, Gwynedd Valley, Pennsylvania 19437.

9. At all times relevant hereto, Defendant Old Village was acting through its agents, servants, and employees, including Stulb, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined by Title VII, the ADA, and the PHRA, and has been, and is, subject to the provisions of each said Act.

**IV.   STATEMENT OF FACTS:**

11.    Plaintiff was employed by Defendant Old Village from on or about August 25, 2020 until September 16, 2022, the date of her termination.

12.    Upon commencing employment with Defendant Old Village, Plaintiff held the position of Painter. Thereafter, Defendants promoted Plaintiff to the role of Administrative Assistant. At all times relevant hereto, Plaintiff maintained a satisfactory job performance.

13.    At no time during Plaintiff's employment did Defendants provide her with training on any alleged harassment or discrimination policies. Nor did Defendants provide Plaintiff with an understanding of what steps to take if she felt harassed at work.

14.    In her role as Administrative Assistant, Plaintiff reported directly to Defendant Edwin Hutter Stulb IV ("Stulb"), Owner.

15.    Throughout Plaintiff's employment, Defendant Old Village, through its agents, servants, and employees, including, but not limited to, Stulb, subjected her to a hostile work environment through various instances of severe and pervasive sexual harassment.

16.    By way of example, on August 27, 2021, Stulb sent Plaintiff several text messages stating that he might retire or die, and repeatedly asked Plaintiff if the aforementioned messages upset her.

17.    Thereafter, on September 8, 2021, Stulb inquired as to whether Plaintiff informed her husband about his text messages by texting her "[a]re our conversations strictly between you and me?"

18.    Additionally, on September 23, 2021, Stulb sent Plaintiff a text message complimenting a photo that he saw of Plaintiff.

19. Acknowledging the sexual nature of his text messages to Plaintiff, on October 10, 2021, Stulb texted Plaintiff that if she and her husband are "still close", he felt embarrassed about "the things [he] had said" to her.

20. On October 22, 2021, Stulb texted Plaintiff that it was her voice that got the Defendants an appointment with a client.

21. As further sexual harassment, on November 22, 2021, Stulb texted Plaintiff that if he were younger and Plaintiff were single, he would ask Plaintiff to marry him. In response, Plaintiff deflected his sexual advances by continuing to ask Stulb about the unpaid wages he owed her.

22. On December 21, 2021, Stulb texted Plaintiff that she is the "one bright spot that keeps [him] moving forward," to which Plaintiff did not respond.

23. On April 26, 2022, Stulb texted Plaintiff that he "need[ed] and want[ed]" Plaintiff. Again, Plaintiff refused to respond to Stulb's sexually harassing messages.

24. As further harassment, on June 17, 2022, Stulb asked Plaintiff whether she and her daughter would move in with him, to which Plaintiff refused to respond. Over the next two days, Stulb proceeded to send Plaintiff numerous text messages demanding that Plaintiff speak with him regarding his request and for Plaintiff to respond to his messages. Plaintiff continued to evade Stulb's sexual advances by ignoring his text messages.

25. In connection thereto, on June 20, 2022, Stulb asked Plaintiff whether his text messages had upset Plaintiff's husband.

26. On July 2, 2022, Stulb invited Plaintiff to have lunch with him that following Tuesday. In rejection of his advances, Plaintiff replied that she was unavailable that day.

27. Again acknowledging the sexual nature of his text messages, on July 4, 2022, Stulb asked Plaintiff whether his messages had upset her husband.

28. On July 6, 2022, Stulb asked Plaintiff to have lunch with him on Friday because he wanted to speak to her in person. In rejection of Stulb's ongoing advances, Plaintiff ignored his invitation to have lunch with him.

29. On July 26, 2022, Plaintiff was hospitalized after suffering an Ischemic Stroke caused by a blood clot. Said medical condition constitutes a disability within the meanings of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Plaintiff's major life activities, including, but not limited to, speaking, walking, standing, and writing.

30. The next day, Plaintiff's husband, Jeff Reed ("Reed"), requested a reasonable accommodation on Plaintiff's behalf. Reed informed Stulb about Plaintiff's condition and asked whether she could take a medical leave of absence due to the fact that she was unable to return to work at that time. In response thereto, Stulb approved Plaintiff's request for a medical leave of absence while Plaintiff recovered from her stroke.

31. Shortly thereafter, on or about August 3, 2022, Stulb replaced Plaintiff with another Administrative Assistant who did not suffer from a disability, Nancy (last name unknown) ("Nancy").

32. On August 6, 2022, Plaintiff was discharged from the hospital. Shortly thereafter, Plaintiff began physical therapy, speech therapy, and occupational rehabilitation.

33. On or about August 16, 2022, Plaintiff's Occupational Therapist, Michelle Foley ("Foley"), informed her that she could return to work so long as she was not required to drive. Since Plaintiff performed her work as an Administrative Assistant from home, her position did

5

not require her to drive. Accordingly, Plaintiff was able to return to her position at Defendant Old Village and perform the essential functions of her job.

34. In connection thereto, on or about August 24, 2022, Plaintiff reached out to Stulb to inform him that she could return to work. However, Stulb avoided Plaintiff's numerous calls and text messages.

35. As further disability discrimination and in retaliation for requesting a reasonable accommodation, on or about September 1, 2022, Stulb rejected Plaintiff's requests to return to her position at Defendant Old Village.

36. On September 16, 2022, Stulb again rejected Plaintiff's request to return to her position at Defendant Old Village.

37. Accordingly, effective September 16, 2022, Defendants terminated Plaintiff's employment due to her disability and/or in retaliation for requesting a reasonable accommodation for her disability.

38. On February 1, 2023, Plaintiff filed a charge of discrimination against the Defendants with the Pennsylvania Human Relations Commission ("PHRC") that was dual filed with the Equal Employment Opportunity Commission ("EEOC").

39. On or about February 8, 2023, Stulb informed the law firm of Plaintiff's counsel, The Gold Law Firm, P.C., that he was in receipt of Plaintiff's charge of discrimination. In clear retaliation against Plaintiff for filing a charge of discrimination, Stulb proceeded to threaten that if The Gold Law Firm, P.C. failed to notify Stulb that Plaintiff's claims of discrimination "have been cancelled" that he would pursue false criminal claims against Plaintiff and her husband with the local police station. Curiously, although Stulb's false criminal allegations concerned conduct

6

that Plaintiff allegedly committed over a year ago, Stulb admitted that he waited to pursue said allegations "in anticipation of the issues with [Plaintiff] being addressed."

40. On or about February 9, 2023, Stulb reached out to The Gold Law Firm, P.C. demanding to receive documentation proving that Plaintiff's claims of discrimination were dismissed by February 16, 2023, or he would pursue "all the avenues" against Plaintiff and her husband.

41. On or about February 15, 2023, Stulb again reached out to The Gold Law Firm, P.C. asking whether the firm still represented Plaintiff. Stulb then threatened that if the firm failed to respond to him, he would pursue his false criminal claims against Plaintiff and her husband later that day

42. Stulb aided, abetted, incited, compelled and/or coerced the unlawful acts of sexual harassment, disability discrimination and retaliation alleged herein including the termination of Plaintiff's employment.

## COUNT I
### (Title VII – Sex Discrimination, Sexual Harassment, Hostile Work Environment, Retaliation)
### Plaintiff v. Defendants

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth at length herein.

44. The actions of Defendant Old Village, through its agents, servants, and employees, including, but not limited to, Defendant Stulb, in subjecting Plaintiff to discrimination based on her sex, a hostile work environment through various instances of sexual harassment, and retaliation for opposing and rejecting sexual harassment in the workplace, constituted violations of Title VII.

7

45. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

46. As further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **COUNT II**
**(ADA – Disability Discrimination, Retaliation)**
**Plaintiff v. Defendants**

47. Plaintiff incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth at length herein.

48. The actions of Defendant Old Village, through its agents, servants, and employees, including, but not limited to, Defendant Stulb, in subjecting Plaintiff to discrimination based on her disability, and in retaliating against Plaintiff for requesting a reasonable accommodation for her disability, constituted violations of the ADA.

49. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

50. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA – Sex Discrimination, Sexual Harassment, Hostile Work Environment, Disability Discrimination, Retaliation)
### Plaintiff v. Defendants

51. Plaintiff incorporates by reference paragraphs 1 through 50 of this Complaint as though fully set forth at length herein.

52. The actions of Defendant Old Village, through its agents, servants, and employees, including, but not limited to, Defendant Stulb, in subjecting Plaintiff to discrimination based on her sex and disability, a hostile work environment through various instances of sexual harassment, and retaliation for requesting a reasonable accommodation for her disability and opposing and rejecting sexual harassment in the workplace, constituted violations of the PHRA.

53. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

54. As further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**PRAYER FOR RELIEF**

55.   Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendants, and order that:

a.   Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b.   Defendants compensate Plaintiff with an award of front pay, if appropriate;

c.   Defendants pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.   Defendants pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.   The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

                THE GOLD LAW FIRM, P.C.

By:   /s/ Sidney L. Gold, Esquire
      SIDNEY L. GOLD, ESQUIRE
      I.D. No.:  21374
      1835 Market Street, Suite 515
      Philadelphia, PA 19103
      (215) 569-1999
      **Attorney for Plaintiff**

DATED:   November 25, 2025

## **VERIFICATION**

      I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 11/24/2025

_____
Theresa Reed (Nov 24, 2025 17:13:08 EST)
THERESA REED, PLAINTIFF